**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

DANIAL HAGHNEJAD,

        Petitioner,

v.                                    Case No. 3:26-cv-454-WWB-SJH

WARDEN, BAKER CORRECTIONAL
INSTITUTION, et al.,

        Respondents.
_____

## ORDER

      Petitioner, an immigration detainee at Baker Correctional Institution, initiated this, action, with help from counsel, by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1). Respondents filed a Response (Doc. 7) with an exhibit (Doc. 7-1). Petitioner then filed a counseled Reply (Doc. 8). The case is ripe for review.

## I.    PETITION

      Petitioner, a native of Germany, entered the United States, along with his family, on September 6, 1999. (Doc. 1 at 4). Petitioner was fourteen-months old at that time. (*Id.*). On February 2, 2000, Immigration and Customs Enforcements issued Petitioner and his family Notices to Appear, placing each member in removal proceedings. (*Id.*). On May 18, 2001, an immigration judge ordered that each family member be removed to Iran, where Petitioner's parents are natives and citizens. (*Id.* at 3, 4). Petitioner's removal order became final on May 6, 2002. (*Id.* at 4). ICE detained Petitioner on June 23, 2025, to execute his May 2002 removal order, but it has been unable to do so. (*Id.* at 5). According to Petitioner, Germany refuses to recognize Petitioner as a native or citizen of

Germany because at the time Petitioner was born, Germany did not recognize birthright citizenship. (*Id.* at 5 n.15). Likewise, Iran refuses to recognize Petitioner as a native or citizen. (*Id.* at 5). As such, Petitioner remains in ICE custody with no significant likelihood of removal.

He asserts that his prolonged detention has violated: his Sixth Amendment right to counsel (Count One); his due process rights under *Zadvydas v. Davis*, 533 U.S. 678 (2001) (Count Two); and his due process rights under the Fifth Amendment (Count Three). (*Id.* at 7-10). As relief, he seeks, *inter alia*, immediate release from immigration detention. (*Id.* at 11).

## II.   ANALYSIS

The Court finds that Petitioner is entitled to relief on Count Two; thus, the Court need not address his other claims. *See Banks v. Dretke*, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative"); *see, e.g.*, *Pena-Gil v. Lyons*, No. 25-CV-03268, 2025 WL 3268333, at *4 (D. Colo. Nov. 24, 2025)[1] ("Because the Court will grant petitioner's petition on the basis of his *Zadvydas* claims, . . . it need not reach petitioner's remaining claims that contest petitioner's detention."). Therefore, the following analysis focuses solely on Count Two.

Once an alien is ordered removed, immigration detention is governed by 8 U.S.C. § 1231. *See Johnson v. Guzman Chavez*, 594 U.S. 523, 544 (2021) ("§ 1231 explains

---

[1] Although district court orders are not binding, they may be cited as persuasive authority. *See Stone v. First Union Corp.*, 371 F.3d 1305, 1310 (11th Cir. 2004) (noting that, "[a]lthough a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects").

what to do if the alien is ordered removed."); *see also Deshati v. Noem*, No. 25-cv-15940, 2025 WL 3204227, at *2 (D.N.J. Nov. 17, 2025) ("The statute governing post-final order of removal immigration detention is 8 U.S.C. § 1231."). Pursuant to § 1231(a)(1)(A), "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days." During the removal period, detention is mandatory. 8 U.S.C. § 1231(a)(2)(A).

The Supreme Court has held that indefinite detention of aliens raises serious constitutional concerns. *Zadvydas*, 533 U.S. at 690–99. Once an order of removal is final, the government may continue to detain an alien only for a reasonable amount of time. *See id.* at 699–701. The reasonableness of the detention is to be measured "primarily in terms of the statute's basic purpose, namely, assuring the alien's presence *at the moment of removal*." *Id.* at 699 (emphasis added). The Supreme Court held that six months is a presumptively reasonable period to detain a removable alien awaiting deportation. *Id.* at 700–01. "Although not expressly stated, the Supreme Court appears to view the six-month period to include the 90-day removal period [from section 1231(a)(1)(A)] plus 90 days thereafter." *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002).

After that six-month period has passed, if the alien "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* at 1052 (quoting *Zadvydas*, 533 U.S. at 701). Thus, "in order to state a claim under *Zadvydas* the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no

significant likelihood of removal in the reasonably foreseeable future." *Id.* If an alien makes these showings, then the burden shifts to the government to rebut the presumption with sufficient evidence establishing that there is a "significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701.

Here, ICE took Petitioner into custody on June 23, 2025, and he filed this case 253 days later, on March 3, 2026. It is undisputed that Petitioner was in ICE custody over six months at the time he filed this case. Thus, the Court must consider whether Petitioner has "provide[d] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Akinwale*, 287 F.3d at 1052.

Petitioner explains that notwithstanding being ordered removed in 2002, he has remained in the United States for more than twenty years. (*See generally* Doc. 1). He states that Respondents have yet to provide him with any information indicating their readiness to remove Petitioner to Germany, Iran, or any other country. (*Id.* at 9–10). Indeed, Petitioner notes that the Court already determined that ICE had failed to demonstrate removal of Petitioner's father was reasonably foreseeable and ordered his release from detention. *See Haghnejad v. Rhoden*, No. 3:26-cv-1-MMH-PDB (M.D. Fla.) (Doc. 12). And the circumstances of Petitioner's detention are similar. (Doc. 1 at 10).

Given the record, the Court finds that Petitioner has provided good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. Thus, the burden shifts to Respondents to "respond with evidence sufficient to rebut that showing." *Akinwale*, 287 F.3d at 1052.

Respondents contend that there is a significant likelihood of removal in the reasonably foreseeable future. (Doc. 7 at 4). In support of that argument, Respondents

4

assert that on February 23, 2026, ICE issued Petitioner a "Decision to Continue Detention." (Doc. 7 at 4). Respondents attach a copy of that February 23 document, which states that ICE is "in receipt of or expects to receive the necessary travel documents to effectuate [Petitioner's] removal, and removal is practicable, likely to occur in the reasonably foreseeable future, and in the public interest." (Doc. 7-1).

But Respondents' assertion that Petitioner's detention remains reasonable under *Zadvydas* because of the significant likelihood of removal in the reasonably foreseeable future is speculative and unsupported. The February 2026 document that they rely on merely states "it appears [Petitioner's] removal may be forthcoming." (Doc. 7-1 at 1). But as Petitioner notes in his Reply, "more than two [] months after the document was served upon Petitioner, Respondents fail to provide this Court (much less Petitioner), with an update demonstrating that Respondents have gathered 'the necessary travel documents to effectuate [Petitioner's] removal' . . . ." (Doc. 8 at 2). Neither Germany nor Iran demonstrate a willingness to accept Petitioner, and Respondents wholly fail to show that Petitioner is removable to any other third country. (*Id.*). To that end, Respondents have failed to demonstrate that Petitioner's removal is any more likely than it was when he was detained on June 23, 2025.

Based on the evidence presented, the Court finds Respondents have failed to show a significant likelihood that Petitioner will be removed in the reasonably foreseeable future. Therefore, Petitioner is entitled to release from detention under *Zadvydas*. Petitioner's release, however, "shall be subject to supervision under regulations prescribed by the Attorney General." 8 U.S.C. § 1231(a)(3); *Zadvydas*, 533 U.S. at 699–700 (holding that when continued detention is unreasonable because removal is not

5

reasonably foreseeable, "the alien's release may and should be conditioned on any of the various forms of supervised release.").

Therefore, it is **ORDERED** and **ADJUDGED** as follows:

1. The Petition (Doc. 1) is **GRANTED** as to Count Two and otherwise **DENIED without prejudice as moot**.

2. Respondents shall release Petitioner, subject to supervision pursuant to 8 U.S.C. § 1231(a)(3), **within 24 hours** of this Order, and they shall facilitate his transportation from the detention facility by notifying his counsel when and where he can be collected.

3. The Clerk shall enter judgment granting the Petition as to Count Two and otherwise denying the Petition without prejudice as moot, terminate any pending motions, and close the file.

**DONE AND ORDERED** in Jacksonville, Florida, on April 13, 2026.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Jax-7
C:
Counsel of Record

6